**In the Matter of James O. SMITH, Debtor.**

**Ernest V. HARRIS, Trustee, Plaintiff,**

v.

**FORD MOTOR CREDIT COMPANY, Defendant.**

**Bankruptcy No. 80–0060.
Adv. No. 80–0126.**

United States Bankruptcy Court,
M. D. Georgia,
Athens Division.

Nov. 6, 1980.

Ernest V. Harris, Athens, Ga., for plaintiff.

John S. Noell, Jr., Athens, Ga., for defendant.

## STATEMENT OF THE CASE

HENRY D. EVANS, Bankruptcy Judge.

James O. Smith, the debtor herein, filed his voluntary petition pursuant to the Bankruptcy Code, 11 U.S.C., Chapter 7, on May 19, 1980. Ernest V. Harris, P.O. Box 706, Athens, Georgia 30603 was appointed trustee also on May 19, 1980. On August 4, 1980 Mr. Harris (plaintiff), on behalf of the estate of the debtor, filed a complaint against Ford Motor Credit Company alleging violations of the Truth in Lending Act for which Ford Motor Credit Company was liable to the debtor in the amount of $1,000.00 and praying for costs of the litigation and attorney's fees. Ford Motor Credit Company (defendant) filed its answer on September 17, 1980 generally denying the pertinent parts of the plaintiff's complaint. The matter came before the Court for hearing on October 23, 1980, and after presentation of evidence and argument of counsel, the Court makes the following:

## FINDINGS OF FACT

On November 15, 1979 James O. Smith purchased a Ford Pinto from Jefferson Motor Co., Inc., 191 Lee Street, Jefferson, Georgia 30549. The cash price of the car was $5,425.63 as evidenced by the dealer's invoice and the retail buyer's order and invoice of even date. Since the purchase of the car was to be financed, Mr. Smith and Jefferson Motor Company executed a "Georgia Automobile Retail Installment Contract" also dated November 15, 1970. The printed contract is furnished to Jefferson Motor Company by Ford Motor Credit Company and shows Ford Motor Credit Company as the assignee of the contract in print just below the typed name of the seller. The contract contained blanks for the necessary disclosures under the Truth in Lending Act and was used as a disclosure statement to Mr. Smith in this transaction concerning the subject Pinto. The cash price shown on the disclosure statement is $5,665.16. That price includes sales taxes of $217.03 and a "title" charge of $22.50. The latter charge was not itemized or included in the finance charge. It is obvious from the tenor of the entire instrument that in arranging the sale on credit of the car, Jefferson Motor Company, Inc. was pursuing a well established and defined prearranged credit transaction with Ford Motor Credit Company. The contract itself presupposes assignment to Ford Motor Credit Company, and the fact that Jefferson Motor Company, Inc. applied for a Georgia Certificate of Title in the name of Ford Motor Credit Company serves to elucidate the relationship between the two parties.

## CONCLUSIONS OF LAW

The amount charged the debtor as a title fee should either have been itemized or contained in the finance charge. 12 C.F.R. 226.4(b)(4); *Meyers v. Clearview Dodge Sales, Inc.*, 539 F.2d 511 (5th Cir. 1976). To have failed to do so is a violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., 12 C.F.R. § 226.8(c). It is clear from the testimony of the witnesses and the documents before the Court that in arranging the credit transaction surround-

ing the sale of the Pinto and involving Mr. Smith, as purchaser, Jefferson Motor Company, as seller, and Ford Motor Credit Company, as assignee of the contract of sale, Jefferson Motor Company, Inc. could be classified as a creditor under the Truth in Lending Act. It is equally as clear that due to the prearrangement of the credit transaction, the furnishing of the particular forms to Jefferson Motor Company, Inc. by Ford Motor Credit Company, and the established close relationship between the latter two parties, that Jefferson Motor Company, Inc. in arranging the credit transaction involved was an agent or "conduit" of Ford Motor Credit Company. In a rational treatment of such a situation, Ford Motor Credit Company becomes jointly and severally liable as a creditor in the transaction involved and jointly and severally liable for the violation. See *Meyers v. Clearview Dodge Sales, Inc.,* supra; and *Joseph's v. Norman's Health Club, Inc.,* 532 F.2d 86 (8th Cir. 1976).

Pursuant to 15 U.S.C. § 1640(a)(2)(A) and (a)(3) the trustee in behalf of the estate of the debtor is entitled to $1,000.00 plus costs of the action and reasonable attorney's fees.